## Kralik v. Kaeslin

*William M. Kahanowitz*, and *R. Herbert Buchman*, for plaintiffs.

*Smith, Best & Horn*, for defendants.

KEIM, J., November 18, 1958.—This matter is before the court on preliminary objections filed by defendant to plaintiffs' complaint in the above entitled case on the ground that the complaint violates rule 1044(a) of the Westmoreland County Rules of Civil Procedures.

The complaint contains two counts, the first being a suit by the wife plaintiff, Ann M. Kralik v. William Kaeslin, trading and doing business as Winters Beauty Salon, and the second count, a suit by the husband plaintiff, Edward B. Kralik v. William Kaeslin, trading and doing business as Winters Beauty Salon. Each of the counts provide in the ad damnum clause as follows, "demands judgment against the defendant in a sum in excess of five thousand ($5,000.00) Dollars."

The first paragraph of the complaint in trespass provides as follows: "And now, to wit, this 28th day of June 1958, comes ANN M. KRALIK and EDWARD B. KRALIK, plaintiffs herein, by their attorneys, WM. M. KAHANOWITZ and R. H. BUCHMAN, and claim of the defendant, WILLIAM KAESLIN, trading and doing business as WINTERS BEAUTY SALON,

sums in excess of Ten Thousand ($10,000.00) Dollars, upon a cause of action whereof the following is a complaint":

It appears that plaintiff totaled the sum in each count, and erroneously used the figure "in excess of ten thousand ($10,000.00) Dollars" instead of the sums in excess of $5,000 as provided by Westmoreland County Rule of Civil Procedure 1044(a). In other words, each of the ad damnum clauses complies with the rule, but plaintiff erred in totaling the sums in the first paragraph or general description of the matters before the court in their complaint in trespass.

Rule 1044(a), Westmoreland County Rules of Civil Procedure, provide as follows: "The ad damnum clause in any pleading in trespass shall state whether the damages are more or less than Five Thousand ($5,000.00) Dollars, and if the sum claimed is Two Thousand ($2,000.00) Dollars, the complaint shall so state."

To permit plaintiff to state any sum or sums in the introductory paragraph contrary to those permitted in the ad damnum clause, would be permitting plaintiff to violate the very purpose of and reasoning for this particular rule.

We are of the opinion that the preliminary objection is with merit, and must be sustained, for the reason that a portion of the complaint defeats the purpose of rule 1044(a). We do not believe this complaint should be stricken, but that it should be amended accordingly.

### Order

And now, November 18, 1958, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the preliminary objections be and the same are herewith sustained, and counsel for plaintiff is directed to file an amended complaint in conformance with this opinion, and upon failure to do so within 20 days from the date of the filing of this opinion, judgment shall be entered for defendant.